UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLINTON RAYSHAWN GRAYSON,

        Petitioner,

v.

CONNIE HORTON,

        Respondent.
                                     /

Case No. 2:17-cv-14170

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING IN PART AND
DENYING IN PART PETITIONER'S APPLICATION
TO PROCEED WITHOUT PREPAYING FEES OR COSTS ON APPEAL [17]**

On February 25, 2020, the Court denied Petitioner Clinton Rayshawn Grayson's habeas petition. ECF 12. The Court also granted Petitioner a certificate of appealability and leave to appeal in forma pauperis ("IFP") as to only his first claim regarding the trial court's failure to suppress his statement to the police. *Id.* at 2275. On March 18, 2020, Petitioner filed a notice of appeal as to all claims raised in his petition and an application to proceed IFP on appeal. ECF 16, 17. The Court reiterates its grant of Petitioner's leave to appeal IFP only as to his first claim—that the trial court erred by not suppressing Petitioner's statements to the police.

Because the Court already denied Petitioner leave to appeal IFP as to his remaining claims, it will construe Petitioner's current application as a request for reconsideration. *See Lyons v. Lafler*, No. 2:10-CV-11386, 2013 WL 812083, at *1 (E.D. Mich. Mar. 5, 2013). And the Court finds no reason to reconsider its prior decision. The Court "will not grant motions for rehearing or reconsideration that merely

1

present the same issues ruled upon by the [C]ourt, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). Here, Petitioner asked the Court to do just that—change its rulings on matters it previously decided. *See* ECF 17, PgID 2307. Petitioner has failed to meet his burden of demonstrating "not only a palpable defect by which the [C]ourt . . . [was] misled but also . . . that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). The Court will maintain its denial of Petitioner's application to proceed IFP on appeal on all claims except his first claim.

When the Court denies a certificate of appealability and denies leave to proceed IFP on appeal, however, the proper procedure is for Petitioner to file a motion for a certificate of appealability and/or an application for leave to proceed IFP on appeal with the appellate court. *See Sims v. United States*, 244 F.3d 509, 509 (6th Cir. 2001) (citing Fed. R. App. P. 22(b)(1)). In the interest of justice, the Court will therefore transfer Petitioner's IFP application as to all claims except his first claim to the Sixth Circuit.

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's application to proceed without prepaying fees or costs on appeal [17] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Petitioner may **PROCEED** in forma pauperis on appeal as to only his first claim regarding the trial court's failure to suppress his statement to the police.

**IT IS FURTHER ORDERED** that Petitioner's application to proceed without prepaying fees or costs on appeal [17] as it relates to his remaining claims is **TRANSFERRED TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 10, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 10, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager